IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


ALFRED V. BROOKS,                   :

        Plaintiff,                  :

vs.                                 :         CA 08-0073-C

MICHAEL J. ASTRUE,                  :
Commissioner of Social Security,

        Defendant.                  :

## MEMORANDUM OPINION AND ORDER

This cause is before the Court, pursuant to 28 U.S.C. §

2412(d)(1)(A) and Rule 54(d)(2)(A) of the Federal Rules of Civil

Procedure, on Plaintiff's application for an award of attorney's fees under

the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (Doc. 23) and

Defendant's objection thereto (Doc. 25).  Upon consideration of all

pertinent materials contained in this file, it is determined that plaintiff

should receive a reasonable attorney's fee in the amount of $3,971.36 under

the EAJA for legal services rendered by his attorney in this Court.

## FINDINGS OF FACT

1.      On December 15, 2008, this Court entered a Rule 58

judgment reversing and remanding this cause to the Commissioner of Social

Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.  (Doc. 22; *see also* Doc. 21.)

2.     The motion for attorney's fees under the EAJA (Doc. 23) was filed on March 11, 2009, clearly before the deadline of ninety (90) days after entry of final judgment.  (*compare id. with* Doc. 22.)  In the application, Plaintiff requests attorney's fees in the amount of $3,971.36 to compensate his attorney for the time spent representing him before this Court as of the date of the filing of the fee application. (Doc. 23, p. 4.)

3.     The Commissioner of Social Security filed a response to Plaintiff's EAJA fee application on March 26, 2009, and therein contends that his position in this litigation was substantially justified. (Doc. 25.)

## CONCLUSIONS OF LAW

1.     The Equal Access to Justice Act requires a district court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

2.     The Commissioner contends that his position denying

2

claimant Brooks disability insurance benefits was substantially justified for two reasons.  (Doc. 25, p. 3-5.)  First, Defendant argues that the ALJ did not err when he relied on the *Dictionary of Occupational Titles* (DOT) to determine whether Brooks has the residual functional capacity (RFC) to do certain work as it is performed in the national economy.  (*Id*. at 3.) Defendant next argues that although there was no RFC assessment "entitled to any weight," it was the ALJ's (sole) duty to review the evidence and make findings of fact and conclusions of law, stating the maxim that it is the ALJ's duty to resolve conflicts in the evidence.  (*Id*. at 4.)

3. In response to Defendant's first argument, while it may be true that SSR-004p provides the ALJ the opportunity to place his *primary* reliance upon the DOT in making disability determinations at step four of the sequential evaluation, it does not go so far as to allow an ALJ to place his or her *sole* reliance thereon.  Importantly, Defendant does not proffer, and this Court's independent research could not uncover, a single authority for the proposition that an ALJ's sole reliance on the DOT in this regard is permissible or otherwise surpasses the standard set by SSR 82-62 that evaluation under § 404.1520(e) "requires careful consideration of the interaction of the limiting effects of the person's impairment(s) and the

physical and mental demands of . . . [his] PRW to determine whether [he]

can still do that work."  *See also Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3

(11th Cir. 1990) (to support a conclusion that a claimant "is able to return to

[his] past work, the ALJ must consider all the duties of that work and

evaluate [his] ability to perform them in spite of [his] impairments").

Moreover, the ALJ's determination was completely lacking any indications

of *specific* findings of fact relating to Mr. Brooks' mental or physical ability

to be a heavy truck driver (DOT § 905.663-014).

      4.     In response to Defendant's *second* argument, it is axiomatic

that an ALJ's RFC determination must be supported by substantial

evidence.  *Cf. Cole v. Barnhart*, 293 F.Supp.2d 1234, 1242 (D.Kan.2003)

("The ALJ is responsible for making a RFC determination, and he must link

his findings to substantial evidence in the record and explain his decision.").

Where, as here, the record contains no relevant RFC *assessment*, the ALJ is

not free to speculate to determine what the evidence of record as a whole

equates to in terms of physical abilities.  *See Delgado-Quiles v.*

*Commissioner of Social Sec.*, 381 F.Supp.2d 5 (D.Puerto Rico 2005)

(explaining that "where no RFC assessment is performed by a treating or

examining physician, a remand is generally warranted."); *Prentice v.*

*Astrue*, 2008 WL 910058, *7 (D.R.I.) (stating that "because no RFC

assessment from an expert supports the ALJ's RFC findings . . . the Court

cannot conclude that the ALJ's RFC determination is supported by

substantial evidence in the record."); *Garrett v. Astrue*, 2007 WL 4232726

(W.D.N.Y. 2007) (requiring valid and up-to-date RFC assessments from

treating physicians).[1]  Although the undersigned is aware that "a position

can be justified even though it is not correct, and . . . can be substantially

(*i.e.,* for the most part) justified if a reasonable person could think it correct,

that is, if it has a reasonable basis in law and fact," the undersigned feels

that under the combination of both of ALJ's errors, a reasonable person

could not think his step four determination correct.  *Pierce v. Underwood*,

487 U.S. 552, 566 n. 2, 108 S.Ct. 2541, 2550 n. 2, 101 L.Ed.2d 490 (1988).

*See also Myers v. Sullivan*, 916 F.2d 659, 666-667 (11th Cir. 1990) ("If the

district court concludes that the government's positions were 'substantially

justified'--i.e., all of the government's arguments possessed a 'reasonable

basis both in law and fact,' . . . then, notwithstanding the fact that the

claimant ultimately prevailed in the litigation, the claimant is not entitled to

---

[1] While the undersigned realizes that unpublished decisions are not entitled to precedential weight, he also recognizes that such cases may be extremely helpful to jurists and parties alike as persuasive authorities.

receive attorney's fees.").  Here, the record is devoid of any physical RFC assessment beyond that performed by a disability examiner, which is not entitled to any weight whatsoever.  Finally, although the ALJ claims to have relied on the medical evidence as a whole when making his RFC determination, nowhere in the record does any physician equate any findings in the "record as a whole" to the ability to perform work at the medium exertional level.  (Tr. 25) Having rejected Plaintiff's subjective testimony, the ALJ was required, but failed, to point to a PCE which supported his determination that Brooks could perform work at the medium exertional level and/or return to his past work as a heavy truck driver. Accordingly, the Court rejects the Commissioner's argument that his position in this case was substantially justified.

5.    The Commissioner makes no argument that Plaintiff is not a prevailing party under the EAJA (*see* Doc. 25);[2] therefore, the Court focuses its attention on other matters.

6.    The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B).  The thirty-day clock did not begin to run in this

---

[2]    "[A] party who wins a sentence-four remand order is a prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

6

case until this Court's reversal and remand order of December 15, 2008

became final, which occurred at the end of the sixty (60) days for appeal

provided under Rule 4(a)(1) of the Federal Rules of Appellate Procedure,

*see Shalala v. Schaefer,* 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125

L.Ed.2d 239 (1993), that is, February 15, 2009.  The application filed in this

case, bearing a date of March 11, 2009, is  timely since it was filed within

thirty days after February 15, 2009.

      7.    The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute.

The Supreme Court has indicated that "'the most useful starting point for

determining the amount of a reasonable fee is the number of hours

reasonably expended on the litigation multiplied by a reasonable hourly

rate.'"  *Watford v. Heckler,* 765 F.2d 1562, 1568 (11th Cir. 1985) (EAJA),

quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76

L.Ed.2d 40 (1983)(§ 1988); *see Jean v. Nelson*, 863 F.2d 759, 772-773

(11th Cir. 1988) (discussing the reasonableness of the hours expended in the

context of contentions by the government that the fee requests were not

supported by sufficient documentation and often involved a duplication of

effort), *aff'd sub nom. Commissioner, I.N.S. v. Jean,* 496 U.S. 154, 110

S.Ct. 2316, 110 L.Ed.2d 134 (1990).

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.  The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.  The district court also should exclude from this initial fee calculation hours that were not "reasonably expended."  . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely.  Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.  "In the private sector, 'billing judgment' is an important component in fee setting.  It is no less important here.  Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."

*Hensley, supra,* 461 U.S. at 433-434, 103 S.Ct. at 1939-1940 (citations omitted);  *see also id.* at 437, 103 S.Ct. at 1941 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.");  *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir.1999) ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are

'excessive, redundant, or otherwise unnecessary.'  Courts are not authorized

to be generous with the money of others, and it is as much the duty of

courts to see that excessive fees and expenses are not awarded as it is to see

that an adequate amount is awarded."); *Norman v. Housing Authority of*

*City of Montgomery,* 836 F.2d 1292, 1301 (11th Cir. 1988) ("Excluding

excessive or otherwise unnecessary hours under the rubric of 'billing

judgment' means that a lawyer may not be compensated for hours spent on

activities for which he would not bill a client of means who was seriously

intent on vindicating similar rights, recognizing that in the private sector the

economically rational person engages in some cost benefit analysis.").

8.     In *Norman, supra,* the Eleventh Circuit indicated that "the

measure of reasonable hours is determined by the profession's judgment of

the time that may be conscionably billed and not the least time in which it

might theoretically have been done." 836 F.2d at 1306.

9.     Because the defendant does not object to the number of hours

listed on the itemization filed by Plaintiff's attorney, the Court finds that

Plaintiff's counsel reasonably spent 22.7  hours on legal tasks in this case.

(Doc. 23-3.)

10.     With respect to a determination of the hourly rate to apply in a

given EAJA case, for services performed by attorneys, the express language

of the Act, as amended by the Contract with America Advancement Act of

1996, provides in pertinent part as follows:

> The amount of fees awarded under this
> subsection shall be based upon prevailing
> market rates for the kind and quality of the
> services furnished, except that . . . attorney fees
> shall not be awarded in excess of $125.00 per
> hour unless the court determines that an
> increase in the cost of living or a special factor,
> such as the limited availability of qualified
> attorneys for the proceedings involved, justifies
> a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Cum.Supp. 1997).

11.    In *Meyer v. Sullivan*, 958 F.2d 1029 (1992), the Eleventh

Circuit determined that the EAJA establishes a two-step analysis for

determining the appropriate hourly rate to be applied in calculating

attorney's fees under the Act.

> The first step in the analysis, . . . is to determine
> the market rate for "similar services [provided]
> by lawyers of reasonably comparable skills,
> experience, and reputation." . . . The second
> step, which is needed only if the market rate is
> greater than $[125] per hour, is to determine
> whether the court should adjust the hourly fee
> upward from $[125] to take into account an
> increase in the cost of living, or a special factor.

*Id.* at 1033-1034 (citations and footnote omitted).

10

12.    For years, the prevailing market rate in the Southern District of Alabama has been $125.00 per hour. *See, e.g., Willits v. Massanari*, CA 00-0530-RV-C; *Boggs v. Massanari*, 00-0408-P-C; *Boone v. Apfel*, CA 99-0965-CB-L. This Court has recently adjusted that rate to account for the increase in the cost of living. *Lucy v. Barnhart*, CA 06-0147-C, Doc. 32. More specifically, the Court has adopted the following formula to be used in calculating all future awards of attorney's fees under the EAJA:

"'($125/hour) x (CPI-U Annual Average "All Items Index", South Urban, for month and year of temporal midpoint[3])/ 152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.'" (*Id.* at 11, quoting Doc. 31, at 2)

13.    The temporal midpoint in this case was July 12, 2008, the complaint having been prepared on or about February 7, 2008 (*see* Doc. 1) and the Court having entered its order and judgment on December 15, 2008 (Docs. 21-22). The CPI-U for July of 2008 was 213.304.  Plugging the relevant numbers into the foregoing formula renders the following equation:

---

[3]    "The appropriate endpoint for computing the cost of living adjustment is the temporal midpoint of the period during which the compensable services were rendered[;] . . . [t]he temporal midpoint is calculated by computing the number of days from the date the claim was prepared until the date of the Magistrate or District Judge's Order and Judgment." *Lucy v. Barnhart*, CA 06-0147-C, Doc. 31, at 3.

$125x213.304/152.4. Completion of this equation renders an hourly rate of $174.95.

14.      In consideration of the foregoing, Plaintiff is awarded an attorney's fee in the amount of $3,971.36 under the EAJA for the 22.7 hours his attorney spent performing work traditionally performed by attorneys in social security cases.

## CONCLUSION

The Court **ORDERS** that Plaintiff be awarded attorney's fees in the amount of $3,971.36 under the Equal Access to Justice Act, representing compensation for 22.7 hours of service by Margaret A. Stone, Esquire, at the cost-of-living adjusted rate of $174.95 per hour.

**DONE** this the 20th day of May, 2009.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**